UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
SPRING CREEK AIR PARK, INC. ) CASE NO.: 09-11412(1)(7)
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Alter or Amend the Court's Order of July 12, 2010 filed by Spring Creek Air Park, Inc. ("Debtor"). The Court reviewed the Debtor's Motion, the Response to the Motion to Alter or Amend of Trustee, Jerry A. Burns ("Trustee"), the Reply of the Debtor to the Trustee's Response, the Response of Creditor/Defendant Roswell Holdings, LLC and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court **DENIES** the Motion to Alter or Amend the Order of July 12, 2010.

## LEGAL ANALYSIS

On July 12, 2010, this Court entered an Order granting the Motion of the Trustee to Strike Docket No. 121 entitled "Debtor's Complaint, Objection to Proof of Claim and Requesting Affirmative Relief." The basis for the Order striking Docket No. 121 was that neither the Debtor nor Linda Stetler have standing to file such a document.

On May 19, 2010, this Court entered an Order converting the Debtor's case from one under Chapter 11 of the United States Bankruptcy Code to one under Chapter 7 of the United States Bankruptcy Code.

On May 21, 2010, Trustee was appointed as the Chapter 7 Trustee on the case.

Document No. 121 was not filed as a separate adversary proceeding, although it plainly seeks damages and injunctive relief on behalf of the Debtor and Linda Stetler who were denominated as Plaintiffs in the case against Defendants Roswell Holdings, LLC, James E. Sutton, Tom Graziani, Gene Stoker, Doug Haughs, Dwayne L. Shaw, Louis N. Sanders, David S. Riley and unknown Defendants. An action to recover damages on behalf of the Debtor is an asset of the estate under 11 U.S.C. §541. The action sought by Document No. 121 are solely within the province of the Trustee and neither Debtor nor Linda Stetler have standing to bring such actions. See, 11 U.S.C. §704.

The meeting of creditors required under 11 U.S.C. §341 has not yet been held. Therefore, the Trustee has not even had the opportunity to review necessary information and documents in order to assess whether the estate possesses any claims. The Trustee has not abandoned any alleged causes of action or claims should they so exist.

Document No. 121 is styled as a complaint and indeed seeks affirmative relief against the entities denominated as Defendants therein. The document, however, was not filed in conformity with any of the Federal Rules of Bankruptcy Procedure which require the payment of a filing fee, issuance of summons and service of process. It does not conform with any notion of due process. If the document is meant to be only an objection to a proof of claim, again, this is solely within the province of the Trustee. See, 11 U.S.C. §704(a)(5) and In re Woods, 139 B.R. 876, 877 (Bankr. E.D. Tenn. 1992) ("The responsibility for examining and objecting to claims rests with the trustee.").

The Court set forth its reasons for granting the Trustee's Motion to Strike Document No. 121 on the record at the hearing on the matter after consideration of the filings of the parties and comments of counsel. No new evidence or law has been presented to the Court that warrants an

amendment or alteration of the Order of July 12, 2010 striking Document No. 121.  Accordingly, the Motion to Alter or Amend must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motion to Alter or Amend the Court's Order of July 12, 2010, is **DENIED** in the accompanying Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 7, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
SPRING CREEK AIR PARK, INC.           )    CASE NO.: 09-11412(1)(7)
                                      )
            Debtor(s)                 )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Alter or Amend the Court's Order of July 12, 2010, filed by Spring Creek Air Park, Inc. and Linda Stetler, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 7, 2010